IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:17-cv-628

| | |
|---|---|
| PEDRO RODRIGUEZ MARTINEZ, MATEO HERNANDEZ LOPEZ and ELMER MENJIVAR ARGETA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALPHA TECHNOLOGIES SERVICES, INC., EAST CAROLINA COMMERCIAL SERVICES, LLC, SOLAR GUYS, INC., CESAR MENDOZA, and JORGE RAMOS,<br><br>Defendants. | **DEFENDANTS JORGE RAMOS AND SOLAR GUYS, INC.'S BRIEF IN SUPPORT OF THEIR RULE 12(B)(6) MOTION TO DISMISS** |

**DEFENDANTS JORGE RAMOS AND SOLAR GUYS, INC.'S BRIEF IN SUPPORT OF THEIR RULE 12(B)(6) MOTION TO DISMISS**

**INTRODUCTION**

In this case, three workers at the Hope Mills, North Carolina solar farm allege that they were subjected to various pay practices in violation of the Fair Labor Standards Act. They have attempted to allege "joint employer" status among five different defendants, including the moving defendants, Solar Guys, Inc. and Jorge Ramos.

Mr. Ramos and Solar Guys, Inc. ("SGI") move to dismiss the claims asserted against them in the Amended Complaint because it fails to allege facts (as opposed to bare conclusions) that would make their claims against Ramos and SGI "plausible." Indeed, there is not a single specific allegation in the Amended Complaint regarding Mr. Ramos individually other than that he is the president of SGI. Instead, it appears that Plaintiffs have named SGI as a defendant and "joint employer" because it was in the contracting chain between Eastern Carolina Commercial Services

1

("ECCS") on the one hand and Alpha Technology Services, Inc., ("ATS") on the other, and have named Ramos individually because SGI is a small company and Ramos is its president. These are legally insufficient bases to state a claim against Ramos and SGI, either under a "joint employer" theory or any other. Accordingly, Defendants Ramos and SGI respectfully request that the Court dismiss the claims asserted against them.

## BACKGROUND

Plaintiffs filed this action on December 20, 2017 and filed an Amended Complaint on January 10, 2018. Defendant Ramos was served with summons and the Amended Complaint on January 24, 2018, and Defendant SGI was served the following day.

In the Amended Complaint, Plaintiffs allege that they were improperly classified as independent contracts while working at the solar farm in Hope Mills, North Carolina. (Am. Cplt. ¶¶ 1, Docket No. 4). Plaintiffs allege that they were hired by, discharged by, managed by and received their pay from Defendant Eastern Carolina Commercial Services. (Id. ¶¶ 48-59, 66-68, 85). Plaintiffs attempt to assert claims on behalf of themselves and others similarly-situated because they claim they did not receive time-and-a-half for overtime worked in excess of forty (40) hours in a single workweek. (Id. ¶¶ 90-91). Instead, Plaintiffs allege that overtime was paid at their base wage. (Id. ¶ 83). Plaintiffs further allege that they were required to furnish their own personal protective equipment ("PPE"), and that deducting the costs of this equipment reduced their base wage below the federal minimum wage for the first week each was employed. (Id. ¶¶ 69-74, 93). Finally, Plaintiffs allege that ECCS made a deduction of 5% of their wages from each paycheck, and designated the deduction as "WC." Plaintiffs allege based on "information and belief" that this deduction standards for "workers' compensation," and claim that it was deducted from their wages in violation of the North Carolina Wage & Hour Act. (Id. ¶¶ 86-89, 121).

Although Plaintiffs were each hired and paid by Defendant ECCS, they attempt to allege that other defendants – including Cesar Mendoza, ATS, Ramos and SGI – are jointly liable to them based on a "joint employer" theory of liability. (Id. ¶ 12). The Amended Complaint asserts the bare conclusion that all of the "Defendants" together engaged in activities that are part of the Fourth Circuit's test for determining "joint employer" liability – namely, that they "jointly" possessed authority to "direct, control, and/or supervise the work of Plaintiffs and were employers or joint employers of Plaintiffs within the meaning of 29 U.S.C. § § 203(d) and (g) . . ." (Id. ¶ 25).

The specific factual allegations of the Amended Complaint contain little or no information about why or how Defendants Ramos and SGI were supposedly part of the alleged "joint employment" of Plaintiffs. The only specific allegations about Defendant Ramos are that he is the president and director of SGI, and that Ramos and SGI entered into contracts with ATS and ECCS and paid ECCS for labor performed on the solar farm. (Id. ¶¶ 24, 36-39). Defendants Ramos and SGI have timely filed this Motion seeking dismissal of the claims alleged against them in the Amended Complaint.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must satisfy the standard of Fed. R. Civ. P. 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted).

In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## ARGUMENT

**I.      The Amended Complaint Fails To Plead A Plausible Claim Against Defendant Jorge Ramos For Personal Liability As An "Employer."**

Plaintiffs seek to hold Jorge Ramos liable as an individual "Employer" under the Fair Labor Standards Act and the North Carolina Wage & Hour Act. Yet Plaintiffs fail to plead facts (as opposed to bare legal conclusions) that, if true, would support finding Ramos individually liable. The only specific factual allegations made about Mr. Ramos in the entire 127-paragraph Amended Complaint is the fact that he is the president and director of Solar Guys, Inc., (Am. Cplt. ¶ 24, Docket No. 4), and that he and/or SGI entered into contracts with ATS and ECCS. (*Id*. ¶¶ 36-39). Although the Amended Complaint is replete with allegations about the actions of specific employees of ECCS, nowhere do Plaintiffs plead any specific activities or actions of Mr. Ramos.

Both the Fair Labor Standards Act ("FLSA") and the North Carolina Wage & Hour Act ("NCWHA") condition liability on the existence of an employer-employee relationship, and the employee bears the burden of alleging and proving the existence of that relationship. *Benshoff v. City of Virginia Beach*, 180 F.3d 136, 140 (4th Cir. 1999) (citing *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)). Both statutes define an "employer" as "any person acting directly or

4
Case 5:17-cv-00628-FL   Document 33   Filed 03/19/18   Page 4 of 11

indirectly in the interest of an employer in relation to an employee . . ." 29 U.S.C. § 203(d); N.C. Gen. Stat. § 95-25.2(5). The term "employer" includes those individuals with managerial responsibilities and "substantial control of the terms and conditions of the work of . . . employees." *Falk v. Brennan*, 414 U.S. 190, 195, 94 S. Ct. 427, 38 L. Ed. 2d 406 (1973).

The Fourth Circuit applies an "economic reality test" to identify whether an individual is an FLSA "employer." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016). The purpose of this test is to focus on considerations or facts that serve to identify individuals who would qualify as FLSA "employers," including whether the individual "(1) has the power to hire and fire the employees, (2) supervise[s] and control[s] employee work schedules or conditions of employment, (3) determine[s] the rate or method of payment, and (4) maintain[s] employment records." *Id.* at 83 (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)).

The Amended Complaint fails to plead any facts that would tend to show that Plaintiffs can satisfy ***any*** of the four factors in the "economic reality test" with respect to Defendant Ramos. Plaintiffs do not allege that Mr. Ramos had any power to hire and fire them. Instead, they allege that they were hired and dismissed by ECCS. (Am. Cplt. ¶¶ 48-50, 55, 58, 66-68). Nor do Plaintiffs allege that Mr. Ramos supervised or controlled employee work schedules or conditions of employment. The Amended Complaint does not allege that Mr. Ramos was involved in determining the rate or method of Plaintiffs' payment. Finally, the Amended Complaint alleges that various other individuals at ECCS kept track of the workers' hours and collected applications and other records from them, but never alleges that Mr. Ramos was involved in any of these activities. (Am. Cplt. ¶¶ 75-79).

The Amended Complaint is devoid of any specific allegations against Mr. Ramos as an individual that would make Plaintiffs' legal conclusions as to his participation in a "joint

5
Case 5:17-cv-00628-FL   Document 33   Filed 03/19/18   Page 5 of 11

employment" arrangement "plausible." *See Acosta v. JM Osaka, Inc.*, 270 F. Supp. 3d 907, 912 (E.D. Va. 2017) (dismissing complaint that failed to allege specific activities to support individual liability under the FLSA). All the Amended Complaint alleges is that Mr. Ramos was the president and director of a company (Solar Guys, Inc.) that was in the contracting chain between ATS on the one hand and ECCS on the other. Accordingly, the Complaint fails to state a claim arising under the FLSA against Mr. Ramos in his individual capacity.

**II.     The Amended Complaint Fails To State A Plausible Claim That Defendant Solar Guys, Inc. Participated In A "Joint Employment" Arrangement.**

The specific allegations against Defendant Solar Guys, Inc. are almost as sparse as those against Mr. Ramos in his individual capacity. Although Plaintiffs have included Solar Guys, Inc. as one of the "Defendants" who they allege "jointly" engaged in activities considered under the Fourth Circuit's joint employment factors, they do not plead any facts that might show that Solar Guys, Inc. participated in the Plaintiffs' employment in any meaningful way that would satisfy the Fourth Circuit's "joint employment" test.

When considering whether two or more entities are "joint employers" for purposes of FLSA liability, the Fourth Circuit requires focus on "the relative association or disassociation between entities ***with respect to establishing the essential terms and conditions of a worker's employment***." *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 141 (4th Cir. 2017) (emphasis added). The "fundamental threshold question" in any joint employment case is "whether a purported joint employer shares or codetermines the essential terms and conditions of a worker's employment." *Id*. at 142.

To answer this "fundamental question," the Fourth Circuit has provided six factors to guide analysis:

"(1) Whether, formally or as a matter of practice, the putative joint employers

jointly determine, share, or allocate the power to direct, control, or supervise the worker, whether by direct or indirect means;

(2) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate the power to—directly or indirectly—hire or fire the worker or modify the terms or conditions of the worker's employment;

(3) The degree of permanency and duration of the relationship between the putative joint employers;

(4) Whether, through shared management or a direct or indirect ownership interest, one putative joint employer controls, is controlled by, or is under common control with the other putative joint employer;

(5) Whether the work is performed on a premises owned or controlled by one or more of the putative joint employers, independently or in connection with one another; and

(6) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such as handling payroll; providing workers' compensation insurance; paying payroll taxes; or providing the facilities, equipment, tools, or materials necessary to complete the work."

*Id*. at 141-42.

Plaintiffs have not pled any facts that would tend to show that SGI was involved in a "joint employment" of Plaintiffs under these factors. ***First***, none of the Plaintiffs allege any facts that would show that SGI "determine[d], share[d] or allocate[d] the power to direct, control or supervise the [Plaintiffs]." *Id*. Although Plaintiffs allege that they received direction and supervision from employees of ECCS, they have made no similar allegations against SGI.

***Second***, none of the Plaintiffs allege any facts that would show that SGI "determine[d], share[d] or allocate[d] the power to – directly or indirectly – hire or fire the worker or modify the terms or conditions of the worker's employment." *Salinas*, 848 F.3d at 141. Instead, Plaintiffs allege that they responded to Facebook ads posted by ECCS, were hired by ECCS, and that they

were dismissed from their employment by ECCS. (Am. Cplt. ¶¶ 48-50, 55, 58, 66-68). Once again, no similar allegations are made against SGI.

***Third***, Plaintiffs concede that the solar farm project was a temporary project for the construction of the solar farm. (Am. Cplt. ¶ 30). Although they do not allege the duration of the contractual relationships between ATS, SGI and ECCS, they do allege that each of the Plaintiffs were employed for only a few months' time. (Am. Cplt. ¶¶ 8-10, Docket No. 4).

***Fourth***, Plaintiffs do not allege joint management or ownership. *Salinas*, 848 F.3d at 141. Instead, the Amended Complaint makes clear that ATS, SGI and ECCS are separate entities, incorporated in different States, and had merely contractual relationships with one another that lasted for the space of a single project. (Am. Cplt. ¶¶ 14-15, 18, 22, 36-37, Docket No. 4).

***Fifth***, although Plaintiffs allege that Defendant ATS engaged in some control over the premises where the work was performed (Am. Cplt. ¶¶ 33, 65), that allegation does nothing to lend plausibility to the notion that SGI is properly considered part of any "joint employment."

***Sixth***, Plaintiffs do not allege that SGI took any specific action or made any particular decision to "determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such as handling payroll; providing workers' compensation insurance; paying payroll taxes; or providing the facilities, equipment, tools, or materials necessary to complete the work." *Salinas*, 848 F.3d at 141-42. Although Plaintiffs make numerous allegations regarding what ECCS personnel were doing with respect to these matters, the Amended Complaint is eerily silent regarding what, if anything, Plaintiffs allege SGI was doing that it should be considered a "joint employer" of Plaintiffs.

Indeed, other than alleging that SGI was a subcontractor of ATS and, in turn, subcontracted some of SGI's contractual responsibilities to ECCS, Plaintiffs do not allege any specific

involvement of SGI in their employment. Instead, Plaintiffs appear to rely solely on SGI's existence in the contracting chain for their allegation that SGI is part of a "joint employer" of Plaintiffs. As the Fourth Circuit's factors make clear, however, whether or not a "joint employer" exists is not a question of contract, but of function and decision-making with respect to the employment of the Plaintiffs. *Salinas*, 848 F.3d at 141-42.

Plaintiffs do not allege a single function performed or decision made by SGI with respect to their employment. With such sparse allegations against SGI, they have failed to allege that SGI "jointly employed" the Plaintiffs. Accordingly, dismissal of Plaintiffs' claims against SGI is appropriate here. See, e.g., *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961 (8th Cir. 2015) (affirming dismissal of FLSA "joint employment" claim where plaintiffs did not plead "any facts describing the 'economic reality' of their employment, such as their alleged employers' right to control the nature and quality of their work, the employers' right to hire or fire, or the source of compensation for their work."); *West v. J.O. Stevenson, Inc.*, 164 F. Supp. 3d 751, 765 (E.D.N.C. 2016) (dismissing Plaintiff's joint employment claims where Plaintiff did not identify his employer and "did not identify any work he did for the benefit of the other defendants.")

## **CONCLUSION**

For all of the foregoing reasons, Defendants Jorge Ramos and Solar Guys, Inc. respectfully request that the Court grant their Motion to Dismiss and enter an Order dismissing all of Plaintiffs' claims against Ramos and Solar Guys, Inc. with prejudice.

Respectfully submitted this the 19th day of March 2018.

                      THE NOBLE LAW FIRM, PLLC

BY: */s/ Kathryn F. Abernethy*
Kathryn F. Abernethy, N.C. State Bar No. 43933
The Noble Law Firm, PLLC
141 Providence Road, Suite 210
Chapel Hill, NC 27514
Telephone: (919) 251-6008
Facsimile: (919) 869-2079
kabernethy@thenoblelaw.com

*Attorneys for Defendants Jorge Ramos and Solar Guys, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this day I filed the foregoing **DEFENDANTS JORGE RAMOS AND SOLAR GUYS, INC.'S BRIEF IN SUPPORT OF THEIR RULE 12(B)(6) MOTION TO DISMISS** with the clerk's office via the CM/ECF system, which will send notification of filing to counsel of record for all parties as follows

| | |
|---|---|
| Clermont F. Ripley<br>Carol L. Brooke<br>North Carolina Justice Center<br>P.O. Box 28068<br>Raleigh, NC 27611-8068<br>clermont@ncjustice.org<br>carol@ncjustice.org<br>*Attorneys for Plaintiffs* | Amie F. Carmack<br>John T. Kivus<br>Morningstar Law Group<br>421 Fayetteville Street, Suite 530<br>Raleigh, NC 27601<br>acarmack@morningstarlawgroup.com<br>jkivus@morningstarlawgroup.com<br>*Local Civil Rule 83.1(d) Counsel for Alpha Technologies Services, Inc.* |
| R. Daniel Boyce<br>Nexsen Pruet, LLC<br>4141 Parklake Avenue, Suite 200<br>Raleigh, NC 27612<br>dboyce@nexsenpruet.com<br>*Attorneys for East Carolina Commercial Services, LLC & Cesar Mendoza* | Sarah C. Johnson<br>Matthew J. Segal<br>Pacifica Law Group LLP<br>1191 2nd Avenue, Suite 2000<br>Seattle, WA 98101<br>sarah.johnson@pacificalawgroup.com<br>matthew.segal@pacificalawgroup.com<br>*Attorneys for Alpha Technologies Services, Inc.* |

This the 19th day of March 2018.

BY:     */s/ Kathryn F. Abernethy*
           Kathryn F. Abernethy, N.C. State Bar No. 43933
           The Noble Law Firm, PLLC
           141 Providence Road, Suite 210
           Chapel Hill, NC 27514
           Telephone: (919) 251-6008
           Facsimile: (919) 869-2079
           kabernethy@thenoblelaw.com

           *Attorneys for Defendants Jorge Ramos and Solar Guys, Inc.*