IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-628-FL

| | |
|---|---|
| PEDRO RODRIGUEZ MARTINEZ, MATEO HERNANDEZ LOPEZ, and ELMER MENJIVAR ARGETA, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>CESAR MENDOZA; JORGE RAMOS; EAST CAROLINA COMMERCIAL SERVICES, LLC; SOLAR GUYS, INC.; and ALPHA TECHNOLOGIES SERVICES, INC.,<br><br>          Defendants. | CASE MANAGEMENT ORDER |

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conducted a pretrial conference in this case on April 23, 2018, with plaintiffs appearing through counsel Clermont F. Ripley and Carol L. Brooke; defendant Alpha Technologies Services, Inc., appearing through counsel Matthew J. Segal and Amie Flowers Carmack; defendants Solar Guys, Inc., and Jorge Ramos appearing through counsel Kathryn F. Abernethy; and defendants Cesar Mendoza and East Carolina Commercial Services, LLC, appearing through counsel William H. Floyd, III, and R. Daniel Boyce. After reviewing the parties' joint report and plan, filed May 7, 2018, the court orders the following:

**I. Discovery**

A.     The parties shall exchange by **May 31, 2018**, the information required by Federal Rule of Civil Procedure 26(a)(1).

B. Discovery will be necessary on the following subjects: reference is made to the discovery proposed to be undertaken in the parties' joint report and plan.

C. Plaintiffs shall file their anticipated motion for conditional certification no later than June 15, 2018.

D. Fact discovery shall be commenced or served in time to be completed by:

1. if the court <u>grants</u> conditional certification of the FLSA collective action, six months after the close of the opt-in period, *or*

2. if the court <u>denies</u> conditional certification of the FLSA collective action, six months after said denial.

E. All discovery shall close four months after the close of fact discovery.

F. The court incorporates herein by reference the parties' agreements regarding discovery of electronically stored information and privileged materials, set forth at sections B.4 and B.5 of the joint report and plan.

G. The named plaintiffs, as a whole, shall be allowed to direct:

1. a total of 25 interrogatories and 25 requests for admission at defendant Alpha Technologies Services, Inc.;

2. a total of 25 interrogatories and 25 requests for admission at defendants Solar Guys, Inc. and Jorge Ramos, as a whole; and

3. a total of 25 interrogatories and 25 requests for admission at defendants Cesar Mendoza and East Carolina Commercial Services, as a whole.

H. Defendant Alpha Technologies Services, Inc. shall be allowed to direct 25 interrogatories and 25 requests for admission to each named plaintiff and 10

2

interrogatories and 10 requests for admission to each opt-in plaintiff.

I. Defendants Solar Guys, Inc., and Jorge Ramos, as a whole, shall be allowed to direct 25 interrogatories and 25 requests for admission at each named plaintiff.

J. Defendants East Carolina Commercial Services, LLC, and Cesar Mendoza, as a whole, shall be allowed to direct 25 interrogatories and 25 requests for admission at each named plaintiff.

K. Each defendant shall be allowed to direct 25 interrogatories and 25 requests for admission at each of the other defendants.

L. Response is due 30 days after service of any interrogatory or request for admission.

M. If the case is certified as a class action pursuant to Rule 23, the parties shall confer and make joint report to the court within 30 days of certification about the proper amount of written discovery to be served on Rule 23 class members.

N. Plaintiffs shall be allowed a total of 10 depositions. Each defendant shall be allowed to depose each named plaintiff. If this matter is certified under Rule 23 and/or 29 U.S.C. § 216(b), the parties shall confer and propose to the court, within 30 days of certification, an appropriate number of depositions directed to certified class members or some portion thereof. Each defendant shall be allowed four depositions to depose co-defendants, and each defendant may depose any single co-defendant only once.[1]

---

[1] In their Rule 26(f) joint report and plan, the parties propose that "[e]ach [d]efendant shall be allowed up to five (5) depositions of each of the other [d]efendants." (DE 44 ¶ B.3.d). This provision, as proposed, would authorize each defendant to depose every other defendant five times each, resulting in up to 100 depositions between co-defendants. Authorization of such an unusually high number of depositions is unwarranted at this juncture. Accordingly, the court construes section B.3.d of the joint report and plan as requesting the more reasonable course that each defendant have opportunity to depose each co-defendant once. Where there are five defendants in the case, each defendant needs only four depositions to accomplish that purpose. The parties may seek leave to increase the stated amount of depositions, upon good cause shown.

Each defendant shall be allowed up to five non-party depositions. "Non-party" in this paragraph does not include Rule 23 class members or FLSA opt-in plaintiffs.

O. Each deposition shall be limited to 7 hours in one day, unless otherwise agreed by the parties. This time limitation shall apply separately with respect to each separate person designated to testify by any corporate defendant pursuant to Rule 30(b)(6).

P. Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by plaintiff within 60 days after the close of fact discovery, and by defendant within 60 days after plaintiffs' deadline to disclose expert witnesses. Expert witnesses shall be made available for depositions no later than 21 days after they submit their respective disclosures. The parties shall serve any objections to such disclosures, other than objections pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) or similar case law, **within 14 days** after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer before filing any motion based on those objections.

Q. Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall be served at such times and under such circumstances as required by that rule. In

addition, such supplemental disclosures shall be served within **40 days before the completion of fact discovery**. The supplemental disclosures served 40 days before the deadline for completion of fact discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment. The rationale for the mandatory supplemental disclosures 40 days before the deadline for fact discovery is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party <u>before</u> the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. <u>See</u> Fed. R. Civ. P. 37(c)(1).

R. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. <u>See</u> Fed. R. Civ. P. 29. Nor does this apply to modifying the requirements of Federal Rule of Civil Procedure 26(a)(2) concerning experts' reports.

S. Discovery in this case may be governed by a protective order. If the parties disagree concerning the need for, and/or the scope or form of, a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting

memorandum. If the parties agree concerning the need for and scope and form of a protective order, their counsel shall confer and then submit a jointly proposed protective order as soon as is practicable.

1. A jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause for issuance of the protective order pursuant to Federal Rule of Civil Procedure 26(c).

2. Any proposed protective order shall set out the procedure for filing under seal confidential documents, things, and/or information, pursuant to the requirements of Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988). Specifically, a proposed protective order shall include the following language: "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in

access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

3. Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

4. The parties are directed to Section V.G. of the court's Electronic Case Filing Administrative Policies and Procedures Manual, available online at http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf, for information regarding how to file and serve sealed documents through the court's Case Management / Electronic Case Filing system ("CM/ECF").

## II. Motions

A. Any motion shall be accompanied at time of filing with a proposed form of order,

stating its requested relief.

B.  Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by plaintiff with 30 days after the close of the opt-in period or 30 days after this court denies plaintiffs' anticipated motion for conditional certification. Defendants shall have 14 days after plaintiffs' deadline to join parties or amend pleadings.

C.  All potentially dispositive motions shall be filed within 60 days after the close of all discovery. All motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), or similar case law, shall be filed by the deadline set for dispositive motions.[2] In conjunction with any such motion to exclude expert testimony or response thereto, the parties shall include where available all materials associated with the challenged expert, including resumes, reports, depositions, and objections to qualifications.

D.  Any motion to compel discovery shall be filed and served within 30 days of the act or omission in discovery complained of, after good faith effort between the parties to resolve issue(s), unless upon good cause shown, time for filing such motion is extended. The same applies prior to filing any motion for protective order in discovery. Before filing, the court requires notice of discovery issue(s) concerning for its consideration in setting a telephonic discovery conference. The complaining

---

[2] Given the court's specific directives expressed herein, allowance by the Local Civil Rules for filing of motions in limine in advance of trial does not provide a renewed opportunity in this case to file motions to exclude testimony of expert witnesses, absent showing that issues raised in motions in limine could not have been raised at the time of deadline for filing dispositive motions.

party must notify the office of the case manager, by telephone at (252) 638-8534, of the discovery dispute, and provide the parties' mutually agreed to suggested dates and times for such conference. The complaining party then will be instructed by the case manager how to transmit discovery material directly bearing on the particular dispute(s), either by facsimile or email, to the court for its preview. Any material provided to the court shall be copied to the opposition. If the opposing party is desirous of supplementing discovery material for the court, counsel similarly shall contact the case manager by telephone, for transmittal instruction. The case manager promptly will notify counsel by email as to any conference setting. Motions to compel filed after the 30 day deadline and/or without advance conference with the court, absent extenuating circumstances, summarily will be denied. Discovery motions ordinarily will be referred to a magistrate judge for ruling.

E. Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1, and also include a detailed statement as to the reason for the requested continuance or extension of time together with the proposed order. Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

### III. Alternative Dispute Resolution ("ADR")

A. A settlement procedure is required in virtually every case, to be conducted before the close of discovery if the case is automatically selected for mediation pursuant to

Local Alternative Dispute Rule 101.1a(b), or before the final pretrial conference if not automatically selected.

B. This case has been automatically selected for mediation. Reference is made to Local Alternative Dispute Rule 101.1 *et seq.* for required deadlines. In addition, the parties have stipulated to the following: mediation shall occur within 30 days after the close of all discovery. The parties shall file a notice of selection of mediator within 21 days hereof.

C. If at any time a settlement is reached, it shall be reported immediately to this court. The parties shall refer to Local Alternative Dispute Rule 101.1e for their specific obligations.

### IV. Pretrial and Trial Scheduling

After the court has ruled on any dispositive motion(s), the court will enter a scheduling order governing deadlines and procedures for final pretrial conference and trial, as appropriate.

This case management order shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth in the court's Local Civil Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED, this the 8th day of May, 2018.

LOUISE W. FLANAGAN
United States District Judge