IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-628-FL

| | |
|---|---|
| PEDRO RODRIGUEZ MARTINEZ, MATEO HERNANDEZ LOPEZ, and ELMER MENJIVAR ARGETA, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) ORDER |
| CESAR MENDOZA; JORGE RAMOS; EAST CAROLINA COMMERCIAL SERVICES, LLC; SOLAR GUYS, INC.; and ALPHA TECHNOLOGIES SERVICES, INC., | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |
| ALPHA TECHNOLOGIES SERVICES, INC., | )<br>) |
| Cross-Claimant, | ) |
| v. | ) |
| SOLAR GUYS, INC., | ) |
| Cross-Defendant.[1] | ) |

This matter is before the court on plaintiffs' motion to equitably toll the statute of limitations under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). (DE 114). The motion has

---

[1] The court constructively amends the caption to reflect the filing of cross-claims by cross-claimant Alpha Technologies Services, Inc. ("ATS"). (See DE 90 at 33-39; November 27, 2018 order).

been fully briefed, and, in this posture, the issues presented are ripe for ruling. For reasons noted, the motion is denied.

## BACKGROUND

Plaintiffs, claiming they have been misclassified as independent contractors as opposed to employees, commenced this action December 20, 2017, alleging violations of the FLSA and North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1, et seq. (See Compl (DE 1); see also Second Am. Compl. (DE 81)). On June 19, 2018, plaintiffs filed motion requesting the court conditionally certify two FLSA collective actions and requesting permission to share notice of the collective actions, in part, through public Facebook posts because plaintiffs believed defendants might not have complete contact information for the putative class members.[2] (DE 50 at 13; DE 115 at 2).

Thereafter the parties reached an agreement concerning plaintiffs' motion, as reflected in defendants' joint response and conditional consent to plaintiffs' motion for conditional certification. (DE 64). On November 27, 2018, with the consent of all parties, the court conditionally certified the following two collectives:

> 1.  A collective consisting of all similarly situated individuals engaged in the construction of IS46 through Defendant East Carolina Commercial Services individually or jointly with one or more of the other Defendants who were required to work in excess of forty hours per week and were not paid the appropriate overtime rate for hours worked over 40 in a workweek, and who timely file (or have already

---

[2] The FLSA provides, in relevant part, that "[a]n action . . . may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. 216(b). A worker becomes a party to a FLSA collective action upon filing a document granting consent to sue on the docket of the court in which a collective action is pending. The main purpose of conditional certification is to authorize named plaintiffs to issue notice to potential class members so they may opt in and halt the statute of limitations clock. See 29 U.S.C. § 256(a) (providing that a claimant is deemed a party for determining the applicable limitations period upon filing written consent to sue in the court in which the action is brought).

> filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b); and
>
> 2. A collective consisting of all similarly situated individuals engaged in the construction of IS46 through Defendant East Carolina Commercial Services individually or jointly with one or more of the other Defendants who were required to purchase and provide their own hard hats, vests, boots, safety glasses and/or gloves and were not reimbursed for those purchases or paid minimum wage for their first week of work, and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

(DE 93 at 1-2).

Also, with the consent of all parties, the court directed the parties to meet and confer to attempt to agree on whether any additional means of distribution of the notice to potential opt-in plaintiffs is necessary and to report back to the court regarding the outcome of the conference. Defendants were further directed to provide to plaintiffs, by December 11, 2018, available information regarding the full names, dates of employments, job titles, last known addresses, email addresses, telephone numbers, and dates of birth of all putative members of the collectives "to assist Plaintiffs in the distribution of the approved notice." (Id. at 2-3).

The court set a deadline of March 27, 2019, for joinder of opt-in plaintiffs filing consent to join forms, further providing that "[u]pon timely application by Plaintiffs and a showing that Defendants have failed to provide personal contact information . . . for a significant number of the members of the proposed collectives," the court may extend the opt-in period by up to two months. (Id. at 3).

On January 25, 2019, the parties filed joint report and motion to modify the discovery plan, informing the court that defendants Cesar Mendoza and East Carolina Commercial Services ("ECCS") produced to plaintiffs "all available W-9 and 1099 tax documents containing approximately two-hundred and seventy addresses for potential members of the FLSA collectives"

and that no other contact information is in any of the defendants' custody or control. (DE 107 at 2). In the same filing, plaintiffs informed the court that the FLSA collectives may include as many as 770 people, and that plaintiffs have not received phone numbers, e-mail addresses, or dates of birth for anyone. The parties informed the court that based on this information, the parties agreed additional means of distributing notice were appropriate, including providing the necessary information for notice and consent via the internet, press release, Facebook advertisements, and Facebook groups as well as through radio advertisements or public service announcements. The parties additionally sought an extension of the deadline to May 27, 2019, for opt-in plaintiffs to file consent to join forms. The court granted the parties' motion.

Plaintiffs filed the instant motion on February 15, 2019, arguing that defendants have engaged in wrongful conduct warranting the tolling of the statute of limitations under the FLSA for potential opt-in plaintiffs. Defendants filed response in opposition in the following groupings: 1) defendants Solar Guys, Inc. and Jorge Ramos, (DE 128); 2) defendant ATS, (DE 130), and defendants ECCS and Cesar Mendoza, (DE 131). Plaintiffs filed omnibus reply. (DE 133).

## DISCUSSION

A.    Standard of Review

Unlike a class action under Federal Rule of Civil Procedure 23, where the filing of the complaint tolls the statute of limitations for all of the class members, under the FLSA, the statute of limitations continues running for each individual potential class member until he or she joins the class. The statute of limitations is tolled as of the date that the consent to join form is filed, not the date of the complaint. See 29 U.S.C. §§ 255, 256.

However, equitable tolling is available for claims under the FLSA under appropriate circumstances, where "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant [or where] extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Cruz v. Maypa, 773 F.3d 138, 146 (4th Cir. 2014) (citations omitted); see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."). "Equitable tolling is a rare remedy available only where the plaintiff has exercise[d] due diligence in preserving [her] legal rights." Cruz, 775 F.3d at 145 (citations omitted).

B.  Analysis

Plaintiffs allege that defendants have engaged in three instances of wrongful conduct that have prevented the majority of potential collective actions members from filing consent to join forms to join the conditionally certified collectives: 1) classifying workers and potential opt-in plaintiffs jointly employed by defendants as non-employees; 2) failing to collect and maintain contact information of the relevant workers; 3) misleading plaintiffs' counsel about defendants' ability to provide adequate contact information.[3] The court addresses each of these arguments in turn below, holding that plaintiffs have failed to carry their burden in showing that potential opt-in plaintiffs "were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant." Cruz, 773 F.3d at 146.

---

[3] Plaintiffs do not allege any extraordinary circumstances beyond plaintiffs' control that made it impossible to file claims on time.

Regarding plaintiffs' first argument, the court declines to reach the merits issues as to whether defendants have incorrectly classified plaintiffs as non-employees until an evidentiary record has been developed, particularly where, as here, only limited evidence is before the court regarding this issue at this stage of the litigation.[4] Regarding both plaintiffs' first and second arguments, if alleged FLSA violations, in and of themselves, justified equitable tolling, then equitable tolling no longer would be a rare remedy, but would become frequent, if not automatic, in FLSA cases.[5] See Cruz, 773 F.3d at 146 (emphasis added) ("equitable tolling is available when . . . the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant . . . ."); see also Watson v. United States, 865 F.3d 123, 132 (2d Cir. 2017) (citation omitted) ("[T]o secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline."). For equitable tolling to apply, plaintiffs must

---

[4] Plaintiffs do not dispute that "whether the Plaintiffs and their similarly-situated coworkers were employees or not is a merits issue" and as such "it would be premature for the Court to decide" at this time; notwithstanding, plaintiffs argue "[t]here is enough in the record now for the Court to conclude that the Plaintiffs and their colleagues were, in fact, treated by Defendants as independent contractors," in order to grant equitable tolling. (DE 133 at 8). Plaintiffs cite no case law in support of this argument. Additionally, as discussed above, that defendants may have treated plaintiffs and potential opt-in plaintiffs as independent contractors is an insufficient basis for granting plaintiffs' motion for equitable tolling without further evidence that such treatment prevented potential opt-in plaintiffs from being aware of their FLSA rights or from timely filing of consent to join forms.

[5] For the same reason as stated above, the court rejects plaintiffs' argument that "[e]ven if the putative collective action members were not truly employees, the IRS requires Defendants to collect W-9 forms from each of them," which require names and addresses, and the IRS "generally requires small business to keep tax records for three years after their filings." (DE 115 at 6-7). In order for the equitable tolling to be applied, plaintiffs must provide some evidence that defendants' alleged wrongful conduct prevented potential opt-in plaintiffs from being aware of their FLSA rights or from timely filing of consent to join forms. See Cruz, 773 F.3d at 146.

demonstrate, not just argue, that the potential opt-in plaintiffs were prevented from learning of their purported FLSA rights and taking appropriate legal action.[6]

In response to plaintiffs' third argument, plaintiffs informed the court as early as June 19, 2018, in plaintiffs' motion for conditional certification, that plaintiffs "believe that Defendants are unlikely to have complete and accurate addresses for putative class member because the paystubs provided to Plaintiffs by Defendants ECCS and Mendoza do not contain addresses." (DE 50 at 13). This awareness was reiterated by plaintiffs in the parties' joint filing on August 3, 2018. (DE 64 ¶ 3 ("The Parties further agree that, should the Defendants be unable to furnish the Plaintiffs with contact information for a significant portion of the potential members of the collective, Plaintiffs will retain the right to seek an extension of the opt-in period of up to two (2) additional months.")).

Although plaintiffs argue that plaintiffs only were aware that defendants did not maintain addresses or dates of birth for potential opt-in plaintiffs and that plaintiffs "did not learn until December 2018 that no one was going to produce any phone numbers or e-mail addresses," (DE 133 at 15-16), the above acknowledgments undercut plaintiffs' current assertions that defendants have misled plaintiffs. See Adami v. Cardo Windows, Inc., 299 F.R.D. 68, 83 (D.N.J. 2014) (internal citations omitted) ("[G]ranting the remedy of equitable tolling any time the defendant fails to provide contact information effectively would require that the statute of limitations for FLSA claims

---

[6] Courts frequently permit class notice by publication or other methods directed at groups instead of individuals, so long as the proposed notice method is reasonably tailored to the needs of the particular case. If individualized notice was the only type of effective notice, plaintiffs would have had no good-faith basis to request the court's permission to publish the notice in this case via such methods as press releases, radio advertisements, and a dedicated website. Plaintiffs argue that defendants failure to collect and maintain relevant contact information "has prevented the majority of potential collective action members from learning about their opportunity to join this litigation," (DE 133 at 2), but do not address the potential impact of the notice provided that was not individually targeted.

be tolled for all potential plaintiffs whenever plaintiff files the complaint . . . . Such a requirement is contrary to the clear language of 29 U.S.C. § 256.").

Additionally, cases cited by plaintiffs regarding this issue are inapposite where in those cases defendants refused to answer discovery or to make any production of information within their possession, custody, or control. See, e.g., Adams v. Inter-Con Sec. Sys., Inc., 242 F.R.D. 530, 543 (N.D. Cal. 2007) ("The potential plaintiffs in this case have yet to receive notice of the action due to defendant's refusal to supply potential plaintiffs' contact information to the named plaintiffs."). Here, plaintiffs do not dispute that they have received from defendants those documents that defendants are able to produce.

Finally, plaintiffs heavily rely on cases where the courts found dispositive that defendants in those cases had failed to post the required FLSA notice at the jobsites.[7] See Cruz, 773. F.3d at 146-47 (holding failure to post at the jobsite required notice explaining the FLSA constitutes wrongful conduct sufficient to apply equitable tolling); Kim v. Dongbu Tour & Travel, Inc., No. 2:12-CV-1136 WHW, 2013 WL 5674395, at *4 (D.N.J. Oct. 16, 2013) (citation omitted) ("Failure to post such notice, along with Defendants' misleading of Plaintiffs as to their employment status as independent contractors, is a clear example of where the employer's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate his rights."); see also Rosales v. Heb Grocery Co., LP, No. H-14-3187, 2016 WL 3458214, at *4 (S.D. Tex. June 24, 2016) (court declined to grant equitable tolling based on failure to post the FLSA notice because of evidence on record that defendant did post the necessary notice); Ayala v. Tito Contractors, Inc., 82 F. Supp. 3d

---

[7] "Every employer employing any employees subject to the [FLSA's] minimum wage provisions shall post and keep posted a notice explaining the [FLSA] . . . in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." 29 C.F.R. § 516.4.

8

279, 291 (D.D.C. 2015) (holding genuine issue of material fact remained whether employer posted required notices of rights under the FLSA at jobsite thus precluding summary judgment on equitable tolling claim).

Plaintiffs expressly allege in operative complaint that "[u]pon information and belief, Defendants disclosed to Plaintiffs and their similarly situated co-workers that the promised wage for the work they were to perform would be at least 1 ½ times the regular hourly rate, by posting this information in the mobile office and/or other locations on the jobsite." (DE 81 ¶ 113). In memorandum of support of the instant motion, plaintiffs do not address the posting of the required FLSA notice. (See DE 115). It is not until plaintiffs' reply that plaintiffs note inconclusive evidence on record regarding the presence, or lack thereof, regarding the required FLSA notice.[8] (See DE 133 at 10-11). Plaintiffs argue "[r]egardless of whether further discovery reveals conclusively whether there was a poster at this jobsite, the Fourth Circuit's reasoning for extending equitable tolling for failure to post the FLSA notice applies equally here" as in Cruz, arguing "both the likely absence of the FLSA poster and the Defendants' wrongful conduct of informing potential opt-ins that they were not covered by the FLSA mean tolling is warranted." (Id. at 11-12).

The court has addressed and rejected plaintiffs' argument regarding defendants' alleged wrongful conduct of misclassifying plaintiffs above. The court declines to grant relief, relief that is to be granted "sparingly," based on plaintiffs' argument as to the "likely absence of the FLSA

---

[8] Defendants Mendoza and ECCS stated in their answer, "[u]pon information and belief, it is admitted that a minimum wage poster was posted on the jobsite, although ECCS does not recall the contents of the poster." (DE 92 ¶ 113). When asked about the poster at the deposition of defendant ECCS, defendant Mendoza, as corporate designee for ECCS, responded: "I can't recall where it was, but it had to be in one of the job trailers," (DE 113-1 at 86:20-21), testifying also that he did not personally put up the poster or ask anyone to put it up, (id. at 86:22-87:1).

9

poster" where plaintiffs allege defendants did so post and where plaintiffs did not move to equitably toll the FLSA statute of limitations based on this ground. See Irwin, 498 U.S. at 96.

In sum, plaintiffs have failed to meet their burden that equitable tolling of the FLSA statute of limitations is warranted in the present case at this time.[9]

## CONCLUSION

Based on the foregoing, plaintiffs' motion to equitably toll the FLSA statue of limitations is DENIED.

SO ORDERED, this the 6th day of August, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[9] Based on the above, it is unnecessary for the court to address the parties' arguments as to whether plaintiffs have diligently pursued the purported rights of the absent opt-in plaintiffs, whether granting plaintiffs' motion would result in prejudice to defendants, or issues concerning joint-employer liability.