IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-628-FL

PEDRO RODRIGUEZ MARTINEZ, et al., )
)
Plaintiffs, )
)
v. )
)
CESAR MENDOZA, et al., )
)
Defendants. )
)                                      ORDER
ALPHA TECHNOLOGIES SERVICES, )
INC., )
)
Cross-Claimant, )
)
v. )
)
SOLAR GUYS, INC., )
)
Cross-Defendant. )

This matter is before the court on Plaintiffs' motion to compel discovery responses from

Solar Guys, Inc. ("SGI") and Jorge Ramos (collectively, "Defendants") [DE-154], and SGI's motion

for protective order [DE-165]. Responses have been filed [DE-163, -171], and the issues are ripe

for decision. For the reasons that follow, the motion to compel is allowed in part and denied in part,

and the motion for protective order is denied as moot.

## I. BACKGROUND

Plaintiffs were employed as laborers in the building of a solar farm in Hope Mills, North

Carolina, known as Innovative Solar 46 or "IS46," and allege class and collective action claims

against their employers, the general contractor and subcontractors constructing the solar farm. 2d

Am. Compl. [DE-81] ¶ 1. Jorge Ramos, the president and director of SGI, entered into a contract with Alpha Technologies Incorporated ("ATS"), the general contractor, for SGI and Ramos to provide labor for the construction of IS46. *Id.* ¶¶ 24, 35–36. SGI and Ramos, in turn, subcontracted with defendants Cesar Mendoza and his company East Carolina Commercial Services ("ECCS"), as well as non-parties, Martinez Harvesting, Segura Land Maintenance, A&A Contractors, LLC, and MGKE Construction, LLC, to provide labor. *Id.* ¶¶ 42, 50. Plaintiffs allege they were misclassified as independent contractors, not paid properly for overtime, subjected to unlawful wage deductions, required to purchase their own personal protective equipment ("PPE"), and not paid all wages owed and due. *Id.* ¶ 1. Plaintiffs asserts claims for violation of state and federal wage and hour laws, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq.*, and seek to bring a collective action under 29 U.S.C. § 216(b) and a class action under Fed. R. Civ. P. 23. *Id.* ¶¶ 2–3.

The court entered a Case Management Order ("CMO") on May 8, 2018, providing, among other things, that "Plaintiffs shall file their anticipated motion for conditional certification no later than June 15, 2018," and that fact discovery shall be completed by either six months after the close of the opt-in period if the court grants conditional certification of the FLSA collective action or six months after the court denies conditional certification of the FLSA collective action. [DE-45] ¶¶ I.C, D. The CMO further provided that "[i]f the case is certified as a class action pursuant to Rule 23, the parties shall confer and make joint report to the court within 30 days of certification about the proper amount of written discovery to be served on Rule 23 class members." *Id.* ¶ M.

After receiving an extension of time, on June 19, 2018, Plaintiffs filed a motion to conditionally certify two FLSA classes under § 216(b): an Overtime Collective Action and a PPE

2

Collective Action. [DE-49]. The parties were able to reach an agreement regarding conditional

certification [DE-64], and on November 27, 2018, the court entered a consent order conditionally

certifying two § 216(b) collectives:

> 1. A collective consisting of all similarly situated individuals engaged in the construction of IS46 through Defendant East Carolina Commercial Services individually or jointly with one or more of the other Defendants who were required to work in excess of forty hours per week and were not paid the appropriate overtime rate for hours worked over 40 in a workweek, and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b); and

> 2. A collective consisting of all similarly situated individuals engaged in the construction of IS46 through Defendant East Carolina Commercial Services individually or jointly with one or more of the other Defendants who were required to purchase and provide their own hard hats, vests, boots, safety glasses and/or gloves and were not reimbursed for those purchases or paid minimum wage for their first week of work, and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

[DE-93]. The opt-in deadline was extended to May 27, 2019 [DE-109], and, as a result, the fact

discovery deadline is November 27, 2019 [DE-45] ¶¶ I.D.1.

Plaintiffs also proposed, in the Second Amended Complaint, the following two Rule 23

classes for NCWHA violations:

> The NCWHA Class #1 consists of all non-supervisory workers who were employed by one or more Defendants to perform work in the construction of the solar farm known as IS46 in any pay period falling within two chronological years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action and who did not receive all of their wages when due.

> The NCWHA Class #2 consists of all non-supervisory workers who were employed by one or more Defendants to perform work in the construction of the solar farm known as IS46 in any pay period falling within two chronological years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action and who did not receive all of their wages when due at the wage rate disclosed to them pursuant to N.C. Gen.

3

Stat §§ 95-25.13(1)-(2) for hours worked in excess of 40 hours in one workweek. [DE-81] ¶¶ 125, 135. Plaintiffs have yet to seek certification of these putative classes under Rule 23, and Defendants have filed a motion to strike the NCWHA class allegations and claims [DE-158].

Plaintiffs served requests for production of documents ("RFP") on Defendants on May 16, 2019, and Defendants served responses on July 9, 2019 and supplemental responses on July 19, September 3, and September 6. Pls.' Mot. [DE-154] ¶ 8. In dispute are RFP Nos. 11–15, 20–21, and 23. *Id.* ¶ 13. Plaintiffs certified that they attempted in good faith to resolve the issues in dispute with Defendants prior to filing the instant motion to compel. *Id.* ¶ 12.

Plaintiffs noticed a 30(b)(6) deposition of SGI for October 2, 2019. SGI's Mem. [DE-166] at 3. SGI objected to the scope of certain designated topics, and counsel were able to resolve some, but not all, of the disputed issues. *Id.* at 2–3. SGI filed the instant motion for protective order to preserve its objections. *Id.* However, at the deposition SGI answered all of Plaintiffs' planned questions without defense counsel objecting that any question involved a disputed topic raised in the motion for protective order. Pls.' Resp. [DE-171] at 1. Accordingly, the motion for protective order is denied as moot, and the undersigned will consider the merits of the motion to compel.

## II. DISCUSSION

### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13,

4

2007); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

"A party seeking discovery may move for an order compelling . . . production[] or inspection" if a party fails to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted). Accordingly, as the party objecting to discovery, it is Defendants' burden to show why discovery should be denied.

5

**B.    Analysis**

1.    **RFP No. 11**: Any contracts or documents reflecting any agreements between you and anyone other than ECCS and Mendoza to supply workers for the IS46 Project.

[DE-154-1] at 12.

Defendants argue that this request is a fishing expedition and any contracts or agreements with entities other than ECCS or ATS are irrelevant to the case, because (1) the Named Plaintiffs have not alleged that they were employed by any other entity for the IS46 project, and (2) persons who were employed by entities other than ECCS would not have claims typical to those of the Named Plaintiffs who were employed by ECCS. Defs.' Resp. [DE-163] at 8–9. Defendants also argue the request is not proportional to the issues and amount in controversy in the case. *Id.* at 9.

Plaintiffs argue that Defendants subcontracted with four other entities to supply labor and that information about the responsibilities Defendants had over those workers is relevant to the defense that SGI and Ramos were not employers. Pls.' Mem. [DE-155] at 3. Plaintiffs also argue that this information will "likely" shed light on the handshake agreement between Defendants and ECCS regarding supervising, hiring, and controlling workers. *Id.* at 4. Finally, Plaintiffs note that the request is limited to the time period that Defendants were involved in the IS46 project, which is less than a year, and there would be, at most, written contracts with four entities. *Id.* at 4.

The documents sought in RFP No. 11 are relevant to the issue of whether Defendants were employers. The alleged putative classes include workers "employed by one or more Defendants," not just workers employed by ECCS, and Plaintiffs alleged they were "jointly employed" by Defendants. 2d Am. Comp. [DE-81] ¶¶ 12, 125, 135. The request is also proportional to the needs of the case where the request is limited in scope to contracts with four entities during a period of less

6

than a year. Accordingly, Defendants shall respond to this request within 21 days of the date of this order.

        **2.**      **RFP No. 12**: All receipts or any other documents showing the cost of hardhats, safety glasses, vests, gloves or other safety equipment purchased by and/or paid for by SGI.

[DE-154-1] at 11.

Defendants assert that they agreed to produce responsive documents, requested copies of statements from the corporate credit card company in order to respond, and will supplement their responses upon receipt of documents from the third party. Defs.' Resp. [DE-163] at 6. Given the passage of time and the looming discovery deadline, to the extent Defendants have not already supplemented their response, they shall do so within 21 days of the date of this order.

        **3.**      **RFP. No. 13**: The original(s) of all documents relating to payroll records that are or have been maintained by you regarding any of the Plaintiffs, potential class members, or anyone else who you paid directly for work or services performed at or in connection to the construction of IS46.

             **RFP No. 14**: The originals of all documents relating to any pay stubs, pay envelopes or receipts, itemized written statements or other such pay statements provided by you to the Plaintiffs, potential class members, or anyone else who you paid directly for work or services performed at or in connection to the construction of IS46.

             **RFP No. 15**: The originals of any documents relating to, and including, but not limited to every time card, time sheet, and wage and hour record of original entry, including hand written records of start and stop times, which reflect the hours worked by Plaintiffs and potential class members.

             **RFP No. 21**: All documents collected from Plaintiffs, potential class members, or anyone you paid directly by you for work or services performed at or in connection with the construction of the IS49 project, including but not limited to forms I-9 or W-9, applications for employment, and authorizations for deductions.

[DE-154-1] at 11–12.

Defendants responded that they do not possess responsive documents for "any of the Plaintiffs, Opt-In Plaintiffs, or any other person within the scope of the proposed class description in the Second Amended Complaint" and that documents pertaining to persons not within the class description are irrelevant, confidential, and overly burdensome to produce. [DE-154-2] at 7–8, 10. However, in later correspondence, counsel for Defendants clarified that the responses were based only on the FLSA claims and not the putative Rule 23 class claims. [DE-154-6] at 4. Defendants oppose pre-certification discovery on the Rule 23 class claims and ask the court to hold the motion to compel in abeyance until Defendants' motion to strike the Rule 23 class claims is decided. [DE-163] at 9–11.

Plaintiffs argue that they are entitled to pre-certification discovery in order to support their motion to certify the class claims under Rule 23, the documents pertaining to any employee who worked on IS46 are relevant to whether Defendants were employers or joint employers and whether the failure to pay overtime was willful, and the protective order will protect any confidential information. [DE-155] at 4–9.

The parties' joint discovery plan provided that "discovery will not be conducted in phases, limited to, or focused upon particular issues." [DE-44] ¶ B.2. The parties also proposed that "[t]he date for the completion of all fact discovery shall be six months after the close of the opt-in period if this Court grants conditional certification of the FLSA collective actions, or six months after this Court denies the Plaintiffs' Motion for Conditional Certification. The Plaintiffs agreed to file their Motion for Conditional Certification by June 15, 2018." [DE-44] B.6. This indicates the parties' intent that Plaintiffs would be entitled to pre-certification discovery and that the conditional

8

certification deadline was only for the FLSA collective claims.[1] The fact that the standard for class

certification under Rule 23 is "more stringent" than under § 216(b), *Yerger v. Liberty Mut. Grp., Inc.*,

No. 5:11-CV-238-D, 2011 WL 5593151, at *3 n.5 (E.D.N.C. Nov. 15, 2011) (citations omitted),

further supports Plaintiffs' need for pre-certification discovery. *See Thompkins v. Key Health Med.*

*Sols., Inc.*, No. 1:12-CV-613, 2015 WL 5007895, at *3 (M.D.N.C. Aug. 20, 2015) (finding it would

be appropriate to have a discovery period prior to considering a certification motion given the

"rigorous analysis" required by Rule 23) (citing *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380,

384 (4th Cir.2009); *Paulino v. Dollar General Corp.*, No. 3:12-CV-75, 2013 WL 1773892, at *9

(N.D.W.Va. Apr. 25, 2013) ("[D]istrict courts in the Fourth Circuit have held that 'discovery relating

to class allegations is proper prior to certification' and 'the Court is unable to intelligently rule on

the question [of class certification] without information from the parties, which is usually gathered

through normal discovery.'"); *Carver v. Velocity Exp. Corp.*, No. 1:07-CV-407, 2008 WL 1766629,

at *2 (W.D.N.C. Apr. 14, 2008) ("Rule 23 certification is typically addressed after the close of all

discovery, with considerations going well beyond whether the plaintiffs and the putative class

members are similarly situated.")); *Boyce v. Wachovia Sec., LLC*, No. 5:09-CV-263-FL, 2010 WL

1253737, at *6 (E.D.N.C. Mar. 29, 2010) (denying without prejudice defendants' motion to deny

class certification "[w]here plaintiffs must be given the opportunity to develop a full factual record

before decision on certification is appropriate.").

Additionally, the court has previously allowed class cases to proceed by the filing of an early

motion for conditional certification of FLSA claims, followed later by a motion for certification of

---

[1] This finding does not foreclose Defendants' argument before the district court that Plaintiffs have waited too long to seek certification of their Rule 23 class claims and that those claims should be stricken.

9

a Rule 23 class. *See Gaxiola v. Williams Seafood of Arapahoe, Inc.*, 776 F. Supp. 2d 117, 129 (E.D.N.C. 2011) (certifying a class under Rule 23 after having previously conditionally certified FLSA claims as a collective action under § 216(b)). Holding the motion in abeyance would further delay proceedings in a case that has been pending for nearly two years, Defendants have presented no evidence to support their claim that it would be overly burdensome to produce the requested documents, and the protective order entered by the court will adequately protect any confidential information.

Finally, the records for employees of Defendants who are not within the FLSA classes conditionally certified by the court or the Rule 23 classes proposed by Plaintiffs are not relevant, and Plaintiffs previously conceded they were not seeking such documents. [DE-154-5] at 5 ("We are not requesting documents for people that are not within the scope of the class description . . . ."). Accordingly, Defendants shall produce any responsive documents for Plaintiffs and potential class members within 21 days of the date of this order.

> 4.   **RFP No. 20**: Copies of all handbooks, policies, procedures or work
>       rules provided by you to any employees, contractors or subcontractors
>       hired by you for the IS46 Project.

[DE-154-1] at 12. Defendants assert they did not provide any individual working on the IS46 project with any such documents. Accordingly, because Defendants have no responsive documents, the motion to compel is denied as to this request.

> 5.   **RFP No. 23**: All documents which you contend support any of the
>       allegations, facts, denials, or defenses you made in your Answer or
>       that refute, or tend to refute, any claims asserted by Plaintiffs.

[DE-154-1] at 13. Defendants responded with several general objections but indicated they would produce responsive, non-privileged documents. [DE-154-2] at 11. However, Plaintiffs did not

10

receive responsive documents or a privilege log. Pls.' Mem. [DE-155] at 10. Defendants now reassert their general objections, arguing that broad requests, such as this one, are not stated with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A), and also assert that all potentially responsive privileged communications and work product were generated by litigation counsel after service of the amended complaint, making a privilege log unnecessary. Defs.' Resp. [DE-163] at 7–8.

This request is not stated with sufficient particularity as required by Fed. R. Civ. P. 34(b)(1)(A). "Broad and undirected requests for all documents which relate in any way to the complaint are regularly stricken as too ambiguous." *Preferred Carolinas Realty, Inc. v. Am. Home Realty Network, Inc.*, No. 1:13-CV-181, 2014 WL 1320133, at *3 (M.D.N.C. Mar. 28, 2014) (finding request seeking "[a]ny and all documents that [Plaintiff] contend[s] support any of [Plaintiff's] claims against [Defendant] or are relevant to any of [Defendant's] defenses as set forth in its Answer" failed to meet the reasonable particularity requirement of Rule 34) (citation omitted). This court has previously found a similar request for "any documents 'regarding or relating to any of the occurrences alleged in the First Amended Complaint'" failed to reasonably particularize the documents sought. *Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2013 WL 2352485, at *10 (E.D.N.C. May 29, 2013), *aff'd in part, rev'd in part on other grounds*, 2013 WL 4039418 (E.D.N.C. Aug. 6, 2013). Accordingly, the motion to compel as to this request is denied.

### III. CONCLUSION

For the reasons stated above, the motion to compel [DE-154] is allowed in part and denied in part, and the motion for protective order [DE-165] is denied as moot. Defendants shall

11

supplement their responses in conformity with this order within 21 days.

SO ORDERED, the 29th day of October 2019.

Robert B. Jones, Jr.
United States Magistrate Judge

12